UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

BRUCE SAWYER,
*on behalf of himself
and all others similarly situated,*

    Plaintiff,

v.

FREDERICK J. HANNA & ASSOCIATES, P.C.,
*a Georgia Professional Corporation,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

1. Plaintiff alleges violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. §1692 et seq. ("*FDCPA*") and violations of the *Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA")*.

2. Plaintiff alleges that Defendant unlawfully placed calls to Plaintiff's cellular telephone and others using an autodialer in an attempt to collect an alleged consumer debt.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

4. This Court has personal jurisdiction over Defendant and venue is proper because (1) Defendant conducts business in this District, and (2) a substantial part of events giving rise to Plaintiff's claims occurred in the this District, including the unsolicited calls that

Defendant caused to be made to Plaintiff's Verizon cellular telephone using an automatic telephone system and/or pre-recorded message.

## PARTIES

5. Plaintiff, Bruce Sawyer, ("Plaintiff"), is a natural person and citizen of the State of Florida, residing in Indian River County, Florida.

6. Plaintiff, at all times relevant herein, exercised dominion and control over the cellular telephone to which Defendant was calling. Plaintiff used the cellular telephone primarily for personal purposes. Plaintiff generally pays the bills associated with the cellular telephone which Defendant was calling.

7. Defendant, Frederick J. Hanna & Associates, P.C., ("Defendant"), is a Georgia Professional Corporation and law firm engaged in the business of collecting consumer debts which operates from offices located at 7901 Southwest Sixth Court, Suite 310, Plantation, Florida 33324.

8. Defendant regularly engages in interstate commerce, reaching into the State of Florida using the mail and telephone in a business which attempts to collect consumer debts.

9. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

10. Defendant regularly collects or attempts to collect, directly or indirectly, consumer-credit card debts on behalf of both credit-card issuers and debt buyers that purchase portfolios of defaulted credit-card debts. Defendant is therefore a "debt collector" as defined in *15 U.S.C. §1692a(6)*.

11. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

**FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT**

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

13. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *FCC Declaratory Ruling,* 23 F.C.C.R. at 565 (¶ 10).

14. The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008,* CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

15. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the *capacity* to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009) (emphasis added).

16. Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order,* 18 FCC Rcd 14092-3 at ¶ 133.

17. Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system.

18. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings.

19. The TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658.

## FDCPA FACTUAL ALLEGATIONS

20. Defendant sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on a credit-card account. The credit-card was not acquired for any commercial purpose. The debt was incurred primarily for personal, household or family purposes.

21. On or about September 16, 2014, Defendant mailed Plaintiff a letter in regard to an alleged debt owed by Plaintiff. (The "Notice" attached hereto as "Exhibit 1").

22. The Notice states, in pertinent part:

> If you notify this office within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion

        thereof, this office will obtain verification of the debt or obtain a copy of a Judgment or verification.  If you request this office within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

23. The Notice was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

24. *15 U.S.C. §1692g(a)* states:

        Validation of debts.

        (a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -

        (1) the amount of the debt;
        (2) the name of the creditor to whom the debt is owed;
        (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
        (4) a statement that if the consumer **notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment** against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
        (5) a statement that, upon the consumer's **written request** within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

        (Emphasis added).

25. The language contained in the Notice is false and misleading.

26. The Notice incorrectly omits request for verification of the debt to be in writing, despite the clear wording of *15 U.S.C. §1692g(a)(4)*.

27. The Notice incorrectly omits the writing requirement for requests of the name of the original creditor, despite the clear wording of *15 U.S.C. §1692g(a)(5)*.

28. *15 U.S.C. §1692e (10)* states:

    > A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
    >
    > xxxx
    >
    > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## TCPA FACTUAL ALLEGATIONS

30. Defendant has registered the use of automatic dialing and recorded message "ADAD" equipment in the state of Texas, Permit No. 060363.

31. Plaintiff's *TCPA* claim stems from the telephonic collection efforts of Defendant over the past year. Defendant has placed at least three (3) calls to Plaintiff's cellular telephone number, XXX-XXX-1374 (the "1374 Number").

32. At all times relevant herein, Plaintiff maintained dominion and control over the 1374 Number, which he uses as his personal cellphone.

33. Defendant stated to Plaintiff the calls were in regards to an alleged debt.

34. Plaintiff did not give Defendant express consent to receive calls on his cell phone regarding the alleged debt, whether through the use of an autodialer, prerecorded message, or otherwise.  Plaintiff did not give Defendant his personal cell phone number.

35. On information and belief the unlawful calls to Plaintiff were placed using a predictive dialer, or device which has the capacity to be used as an automatic telephone dialing system ("ATDS").

36. On information and belief Defendant made calls to Plaintiff's cellular telephone which were initiated by an automatic telephone dialing system.

37. Defendant violated the *TCPA* when it called Plaintiff's cell phone using an ATDS regarding the collection of a debt and without consent from Plaintiff.

## FDPCA CLASS ACTION ALLEGATIONS

38. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the United States (ii) to whom letters were sent that contained the phrase "If you notify this office within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a Judgment or verification.  If you request this office within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (iii) by the Defendant (iii) which were not returned undelivered by the U.S. Post Office (iv) in an attempt to collect a debt incurred for personal, family, or household purposes (v) during the one year period prior to the filing of the original Complaint in this action through the date of certification.

39. Plaintiff alleges on information and belief based upon the Defendant's use of the phrase: "If you notify this office within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a Judgment or verification. If you request this office within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." contained in letters sent to consumers that the Class is so numerous that joinder of all members of the Class is impractical. At a minimum, Plaintiff believes the Class to be several dozen members within the states that Defendant operates.

40. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The common factual issue common to each Class member is that each was sent a letter containing the phrase: "If you notify this office within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a Judgment or verification. If you request this office within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

41. The principal legal issue is whether Defendant's wording violates the *FDCPA* by misleading the least sophisticated consumer to believe that they were being given their validation notice required by *15 U.S.C. §1692g* after an "initial communication" by a debt collector.

42. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

43. Plaintiff will fairly and adequately protect the interests of the Class. He has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

44. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

    (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; his appointment as Class Representative; and that his attorney Leo W. Desmond be appointed Class Counsel.

## TCPA CLASS ACTION ALLEGATIONS

46. It is a violation of the *TCPA* to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a …cellular telephone service…" *47 U.S.C. §227(b)(1)(A)(iii).*

47. "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." *See, e.g., Hicks v. Client Services., Inc.*, 2009 U.S. Dist. LEXIS 131193, at *12 (S.D. Fla. June 9, 2009)

48. Defendant uses equipment having the capacity to dial numbers without human intervention to make non-emergency calls to the cellular telephone of Plaintiff and the other members of the Class defined below. On information and belief, many of these calls, including calls to Plaintiff, utilized an automatic telephone dialing system.

49. These calls were made without regard to whether or not Defendant has first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

50. As such, Defendant's calls were willing or, at a minimum, negligent. *See 47 U.S.C. §312(f)(1).*

51. Defendant has therefore violated *47 U.S.C. §227(b)(1)(A)(iii)* of the *TCPA* by using an automatic telephone dialing system and/or artificial or prerecorded voice message to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express permission.

52. As a result of Defendant's conduct and pursuant to *47 U.S.C. § 227(b)(3)* of the *TCPA,* Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class are also entitled to an injunction against future calls.

53. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its autodialed and/or prerecorded voice calls to their cellular telephones- and/or willfully used an automatic telephone dialing system and/or prerecorded voice message to call the cell phones of

Plaintiff and the other members of the Class without prior express permission – the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to *47 U.S.C. § 227(b)(3)* of the *TCPA*.

54. Plaintiff brings this case on behalf of a Class defined as follows:

    a) All persons in the United States to whom Defendant placed any call;

    b) using an automatic telephone dialing system or an artificial or prerecorded voice to the recipient's cellular telephone;

    c) during the four year period prior to the filing of the complaint through the date of class certification.

55. Excluded from the Class are persons who Defendant's records show gave express consent directly to Defendant to call their cellular telephone number prior to Defendant's placement of its call using an automatic telephone dialing system or a prerecorded voice message.

56. Common questions of law or fact exist as to all members of the putative Class and predominate over any question solely affecting any individual member, include but are not limited to:

    a. Whether Defendant used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

    b. Whether Defendant had prior express permission to contact Plaintiff and the other members of the putative Class when it made calls to their cell phones using an automatic telephone dialing system or artificial or prerecorded voice;

   c. Damages, including whether Defendant's violations were performed willfully or knowingly such that Plaintiff and the members of the putative Class are entitled to trebled damages.

57. Plaintiff's claims are typical of the other members of the putative Class. The factual and legal basis of Defendant's liability to Plaintiff and the other members of the putative Class are the same: Defendant violated the *TCPA* by causing the cellular telephone of each member of the putative Class, including Plaintiff, to be called using an automatic telephone dialing system and/or prerecorded voice message without prior express permission.

58. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that might conflict with the interests of the Class. Plaintiff is interested in pursuing his claim vigorously, and has retained counsel competent in class and complex litigation.

59. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are, on information and belief, enough members of the putative Class, such that joinder of all members is impracticable.

60. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

61. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making relief appropriate with respect to the Class as a whole.  Prosecution of separate actions by individual members of the putative Class, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct.

62. The identity of the Class is, on information and belief, readily identifiable from the records of Defendant.

## **COUNT I**

## **VIOLATIONS OF *15 U.S.C.  §§ 1692g(a)(4) and 1692g(a)(5)***

63. Plaintiff re-alleges Paragraphs 1 through 37.

64. After an initial communication with Plaintiff pursuant to *15 U.S.C. §1692g(a)(4)* the Defendant must provide the Plaintiff with:

> [A] statement that if the consumer **notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment** against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

(Emphasis added).

65. After an initial communication with Plaintiff pursuant to *15 U.S.C. §1692g(a)(5),* the Defendant must provide the Plaintiff with:

> [A] statement that, upon the consumer's **written request** within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

> (Emphasis added).

66. Defendant sent a Notice to Plaintiff on behalf of Portfolio Recovery Associates, LLC, in an attempt to collect a debt, namely to collect the balance owed on a credit card.

67. The Notice was the initial communication between Defendant and Plaintiff or made within five days of the initial communication.

68. The wording included in the Notice is misleading and false as it incorrectly omits requests for verification of the debt to be in writing, despite the clear wording of *15 U.S.C. §1692g(a)(4).*

69. The wording included in the Notice is misleading and false as it incorrectly omits the writing requirement for requests of the name of the original creditor, despite the clear wording of *15 U.S.C. §1692g(a)(5)*

70. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k.*

71. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k.*

## COUNT II

## VIOLATION OF *15 U.S.C. §1692e*

72. Plaintiff re-alleges Paragraphs 1 through 37.

73. *15 U.S.C. §1692e* provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. Pursuant to *15 U.S.C. §1692e*, Defendant may not use any false, deceptive, or misleading representations in the Notice.

75. Defendant's Notice was a communication between Defendant and Plaintiff used in an attempt to collect a debt and misrepresents section *15 U.S.C. §1692g(a)* of the *FDCPA*, by omitting requests for verification of the debt be in writing, despite the clear wording of *15 U.S.C. §1692g(a)(4)*.

76. Defendant's Notice incorrectly omits the writing requirement for requests of the name of the original creditor, despite the clear wording of *15 U.S.C. §1692g(a)(5)*.

77. Defendant's Notice would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

78. Defendant, through its agents, representative and/or employees acting within the scope of their authority acted willfully and intentionally violated *15 U.S.C. §1692e*.

79. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

80. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

### COUNT III

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

81. Plaintiff re-alleges Paragraphs 1 through 37.

82. Defendant violated *47 U.S.C. § 227(b)(1)(A)(iii)* of the *TCPA* by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing

system and/or prerecorded and/or artificial voice; therefore they were not legally permissible under any provision of the aforementioned statute.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

   a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

   b. An Order certifying the *TCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

   c. An Order appointing Leo W. Desmond as Class Counsel;

   d. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

   e. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, *47 U.S.C. § 227*; an award of $500 dollars in statutory damages for each violation of the *TCPA* held not to be knowing or willful violation for Plaintiff and each Class member; and/or an award of $1,500 dollars in statutory damages for each violation of the *TCPA* held to be a knowing or willful violation for Plaintiff and each Class member;

   f. An injunction prohibiting Defendant from using an automatic telephone dialing system of artificial or prerecorded voice message to call numbers assigned to cellular telephones without the prior express permission of the called party;

   g. An award of attorney's fees, litigation expenses and costs of the instant suit;

    h.  Any and all prejudgment interest rendered by law; and

    i.  Such other and further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 10, 2015.

          Respectfully submitted,

          */s/ Leo W. Desmond*
          Leo W. Desmond, Esq.
          DESMOND LAW FIRM, P.C.
          Florida Bar No. 0041920
          5070 Highway A1A
          Suite D
          Vero Beach, Florida 32963
          Telephone: (772) 231-9600
          Facsimile: (772) 231-0300
          lwd@verobeachlegal.com
          *Attorney for Plaintiff*

          */s/ S. Keley Jacobson*
          S. Keley Jacobson, Esq.
          DESMOND LAW FIRM, P.C.
          Florida Bar No. 102200
          5070 Highway A1A
          Suite D
          Vero Beach, Florida 32963
          Telephone: (772) 231-9600
          Facsimile: (772) 231-0300
          jacobson@verobeachlegal.com
          *Attorney for Plaintiff*

          */s/ J. Garry Rooney*
          J. Garry Rooney, Esq.
          ROONEY & ROONEY, P.A.
          Florida Bar No.: 133574
          2145 14th Avenue, Suite 20
          Vero Beach, Florida 32960

        Telephone: (772) 778-5400
        Facsimile: (772) 778-5290
        [attorneys@rooneyandrooneylaw.com](mailto:attorneys@rooneyandrooneylaw.com)
        *Attorney for Plaintiff*